[No. 19034. Department Two. May 7, 1925.]

*In the Matter of the Estate of* JOHN H. DOWNEY, *Deceased.*

R. N. THOMPSON, *as Administrator of the Estate of John H. Downey, Deceased, Appellant,* v. AUSTIN DOWNEY *et al., Respondents.*[1]

NEW TRIAL (43)—TIME FOR MOTION—ENTRY OF JUDGMENT—ESTOPPEL. An executor, asking for and securing a final order of distribution four years after the court's announcement of approval of the account, cannot claim that a motion for a new trial immediately after entry of the final judgment was not timely made.

Appeal from an order of the superior court for Adams county, Truax, J., entered April 4, 1924, granting a new trial, after a hearing upon affidavits before the court. Affirmed.

*Lovell & Ott* and *C. W. Rathbun,* for appellant.

*John A. Peacock* and *W. O. Miller,* for respondents.

MITCHELL, J.—This is an appeal from an order granting a new trial on the hearing of an administrator's final account and petition for a decree of distribution. The final account and petition for a decree of distribution were heard by the court on July 12,

[1]Reported in 235 Pac. 802.

1920, at which time an announcement was made that the "administrator's final account is approved and distribution ordered to be made." It was so entered in the journal kept by the clerk, which journal on a subsequent date was signed by the judge, as is the rule pertaining to the minutes of all the court's proceedings. Several years thereafter, during all of which time it appears that the administrator still continued in possession of the property belonging to the estate, attorneys for the administrator made an application to the court for a formal order settling the final account and decreeing distribution to be made pursuant to the announcement theretofore made at the time the final account was heard. It appears that there was some controversy between the administrator and certain dissatisfied heirs of the estate as to the making and signing of the proposed final order, whereupon, after arguments of counsel, the court stated that "the proper step at this time is for the court to sign and enter his final order and decree in accordance with said announcement of July 12, 1920, thus causing the record to be completed, and leaving the dissatisfied parties their remedy to petition for a rehearing or new trial in said matter if the facts and conditions are such as to warrant any such action on their part." With that understanding, the formal order was signed on February 25, 1924. The dissatisfied heirs promptly applied for a new trial, supporting the application by affidavit. A counter affidavit was filed by the administrator, and the court, upon hearing the application, granted it. The administrator has appealed.

As we understand the appellant, no argument is presented by him questioning the discretionary power of the court in the matter of granting the new trial, but the argument appears to be that the minute entry of July 12, 1920, was in effect the final decision of the

court with reference to which date the rights of the heirs to move for a new trial were fixed. It was the appellant, however, who asked for and obtained the formal order of February 25, 1924. He is in no position to complain that the heirs filed their motion for a new trial with reference to that date, and particularly so, as that was the understanding as announced by the court at the time of signing the formal order proposed by the appellant.

Affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKIN-TOSH, JJ., concur.